UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:15-CR-03 |
| v. | ) | |
| | ) | JUDGE GREER |
| JOEL D. CORMIER | ) | |
| also known as PHILLIP BENTON | ) | |
| also known as MATT BRIARTON | ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Joel D. Cormier, also known as Phillip Benton, also known as Matt Briarton, and the defendant's attorneys, Rosanna Brown and Nikki Pierce, have agreed upon the following:

1. The defendant will plead guilty to the following count(s) in the indictment:

    a) **Count 3:** Using a facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce an individual who has not attained the age of 18 to engage in sexual activity for which any person can be charged with a criminal offense, or knowingly attempt to do the same, in violation of 18 U.S.C. § 2422(b).

    The punishment for this offense is as follows: The maximum penalty to which the defendant will be exposed by virtue of his guilty plea is as follows: a minimum mandatory term of imprisonment of ten years and a maximum term of imprisonment of life imprisonment, a fine of $500,000.00, a term of supervised release of up to life, and a mandatory assessment of $100.00.

2. In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in this indictment.

3.     The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged.

4.     In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

    a)     At all relevant times, the defendant resided in Sullivan County, in the Eastern District of Tennessee.

    b)     Beginning in January 2012, and continuing through on or about December 13, 2012, the defendant used a means and facilities of interstate commerce, including, but not limited to, cellular telephones and internet-based social media outlets to contact an individual under the age of 18, C.R.S.G., in order to engage the minor in illegal sexual activity which is a crime under Tennessee law. The defendant engaged the minor in multiple conversations, including text messages, telephone calls, and internet-based electronic communications during this time period. During the foregoing conversations, the defendant induced, enticed, or persuaded, or attempted to induce, entice, or persuade a minor in illegal sexual activity. Beginning January 15, 2012, and continuing to December 13, 2012, the defendant brought C.R.S.G. to his home in Bristol, Sullivan County, Tennessee, for the purpose of meeting and engaging an individual under the age of 18 in illegal sexual activity which is a crime under Tennessee law. At the time of the foregoing acts, the defendant believed that he was communicating with and meeting a person under the age of 18 when, in fact, C.R.S.G. was 16 years old.

2

Case 2:15-cr-00003-JRG-CRW   Document 22   Filed 05/27/15   Page 2 of 11   PageID #: 80

c) Beginning in October 2013, and continuing through on or about November 27, 2013, the defendant used a means and facilities of interstate commerce, including, but not limited to, cellular telephones and internet-based social media outlets to contact an individual under the age of 18, A.W.H., in order to engage the minor in illegal sexual activity which is a crime under the laws of the Commonwealth of Virginia. The defendant engaged the minor in multiple conversations, including text messages and internet-based electronic communications during this time period. During the foregoing conversations, the defendant induced, enticed, or persuaded, or attempted to induce, entice, or persuade a minor in illegal sexual activity. In the communications with the minor, the defendant purported to be "Phillip Benton" and purported to be 15 years old. At the time of the foregoing acts, the defendant believed that he was communicating with and meeting a person under the age of 18 when, in fact, A.W.H. was 15 years old.

d) Beginning on or about February 26, 2014, and continuing through on or about March 10, 2014, the defendant used a means and facilities of interstate commerce, including, but not limited to, cellular telephones and internet-based social media outlets to contact an individual under the age of 18, K.W., in order to engage the minor in illegal sexual activity which is a crime under Tennessee law. The defendant engaged the minor in multiple conversations, including text messages, telephone calls, and internet-based electronic communications during this time period. During the foregoing conversations, the defendant induced, enticed, or persuaded, or attempted to induce, entice, or persuade a minor in illegal sexual activity. In the communications with the minor, the defendant purported to be "Matt," an 18 year old with brain cancer. In the early morning hours of March 6, 2014, the defendant drove from his home in Bristol, Sullivan County, Tennessee, to Greeneville, Greene County, Tennessee, and persuaded K.W. to sneak out of her home to meet him for the purpose of meeting and engaging an individual under the age of 18 in illegal sexual activity

3

which is a crime under Tennessee law. At the time of the foregoing acts, the defendant believed that he was communicating with and meeting a person under the age of 18 when, in fact, K.W. was 14 years old.

    e)  Beginning in February 2014, and continuing through March 2014, the defendant used a means and facilities of interstate commerce, including, but not limited to, cellular telephones and internet-based social media outlets to contact an individual under the age of 18, B.A.C., in order to engage the minor in illegal sexual activity which is a crime under Tennessee law. The defendant engaged the minor in multiple conversations, including text messages and internet-based electronic communications during this time period. During the foregoing conversations, the defendant induced, enticed, or persuaded, or attempted to induce, entice, or persuade a minor in illegal sexual activity. In the communications with the minor, the defendant purported to be "Phillip Benton" and purported to be 18 years old. On or about March 1 or 2, 2014, the defendant drove from his home in Blountville, Sullivan County, Tennessee, to a public place in Kingsport, Sullivan County, Tennessee, where he met B.A.C. for the purpose of meeting and attempting to engage an individual under the age of 18 in illegal sexual activity which is a crime under Tennessee law. He then persuaded her to return to his home in Blountville. One week later the defendant again drove from his home in Blountville to a public place in Bristol, Tennessee, where he met B.A.C. for the purpose of meeting and attempting to engage an individual under the age of 18 in illegal sexual activity which is a crime under Tennessee law. At the time of the foregoing acts, the defendant believed that he was communicating with and meeting a person under the age of 18 when, in fact, B.A.C. was 16 years old.

    f)  In April 2014, the defendant used a means and facilities of interstate commerce, including, but not limited to, cellular telephones and internet-based social media outlets

4

to contact an individual under the age of 18, B.N.C., in order to engage the minor in illegal sexual activity which is a crime under Tennessee law. The defendant engaged the minor in multiple conversations, including text messages and internet-based electronic communications during this time period. During the foregoing conversations, the defendant induced, enticed, or persuaded, or attempted to induce, entice, or persuade a minor in illegal sexual activity. In the communications with the minor, the defendant purported to be 16 years old and purported to have brain cancer. Twice during April 2014, the defendant drove from his home in Blountville, Sullivan County, Tennessee, to B.N.C.'s home in Sullivan County, Tennessee, for the purpose of meeting and engaging an individual under the age of 18 in illegal sexual activity which is a crime under Tennessee law. At the time of the foregoing acts, the defendant believed that he was communicating with and meeting a person under the age of 18 when, in fact, B.N.C. was 15 years old.

      g) All of the foregoing acts described above concerning the defendant's use of a means and facilities of interstate commerce, including, but not limited to, cellular telephones and internet-based social media outlets to contact an individual under the age of 18 in order to engage the minor in illegal sexual activity occurred in the Eastern District of Tennessee.

5.     The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

      a)     the right to plead not guilty;

      b)     the right to a speedy and public trial by jury;

      c)     the right to assistance of counsel at trial;

        d)       the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

        e)       the right to confront and cross-examine witnesses against the defendant;

        f)       the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

        g)       the right not to testify and to have that choice not used against the defendant.

6.       The parties agree that the appropriate disposition of this case would be the following as to each count:

        a)       The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

        b)       The Court will impose special assessment fees as required by law; and

        c)       The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim(s) of any offense charged in this case (including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offense(s).

10. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The

7

defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

      a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

      b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this

agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

    a)    The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. ~~As part of this waiver, the defendant specifically waives the right to challenge the duration or conditions of any term of supervised release. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.~~

    b)    The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

    c)    The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12.    The defendant acknowledges that the defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is employed; and (3) where the defendant is a student.

The defendant understands that the requirements for registration include providing: (1) the defendant's name; (2) residence address; and (3) the names and addresses of any places where the defendant is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations will subject the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

13. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

14. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

15. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

5/26/15
Date

By: _____
M. Suzanne Kerney-Quillen
Assistant United States Attorney

5/21/15
Date

_____
Joel D. Cormier
Defendant

5/21/15
Date

_____
Rosanna Brown
Attorney for the Defendant

May 21, 2015
Date

_____
Nikki C. Pierce
Attorney for the Defendant

11