UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOEL D. CORMIER, | ) | |
|        Petitioner, | ) | |
| | ) | Nos. 2:15-cr-03, 2:16-cv-292 |
| v. | ) | Judge Greer |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|        Respondent. | ) | |

**RESPONSE IN OPPOSITION TO PETITIONER'S
MOTION FILED PURSUANT TO 28 U.S.C. § 2255**

The United States of America hereby responds in opposition to petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**FACTUAL AND PROCEDURAL BACKGROUND**

Between January 2012 and April 2014, petitioner induced five minors – ranging from 14 to 16 years old – to engage in illegal sexual activity. (R. 22, Plea Agreement ¶ 4(b)-(f).) In communications with one of the victims, petitioner purported to be a 15-year-old boy. (*Id.* ¶ 4(c).) In communications with two other victims, petitioner claimed to be suffering from brain cancer. (*Id.* ¶ 4(d), (f).)

Petitioner was charged with five counts of inducing a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). (R. 3, Indictment at 1-4.) He pleaded guilty to one count (R. 22, Plea Agreement ¶ 1(a)), and was sentenced to a within-Guidelines term of 216 months' imprisonment followed by lifetime supervised release. (*Id.*) Petitioner timely filed this motion (R. 49, § 2255 Motion), and the United States now responds under the Court's order. (R. 50, Order.)

## LEGAL STANDARD

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief, a petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). He "must clear a significantly higher hurdle than would exist on direct appeal" and demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F3d 427, 430 (6th Cir. 1998).

## ARGUMENT

Petitioner waived his right to file any § 2255 motion, except as to two types of claims, and his allegations of judicial misconduct and his challenge to the length of his sentence do not fit within that limited exception. He also failed to raise either issue on direct appeal. Accordingly, both claims should be summarily dismissed.

Although petitioner's claims of prosecutorial misconduct and ineffective assistance of counsel are not barred by the § 2255-waiver provision, they are undeveloped and should be dismissed as such. In any event, none of petitioner's claims has merit.[1]

---

[1] Nearly all of petitioner's claims stem from his belief that evidence admitted during his sentencing hearing had not previously been disclosed to him, thereby allegedly violating *Brady*. (*E.g.*, R. 49, § 2255 Motion at 4-7.) But petitioner has not even identified the evidence about which he complains, much less established that (1) it was "favorable" to him, (2) it was actually "suppressed by the government," and (3) "prejudice . . . ensued, *i.e.*, "there is a reasonable probability that the suppressed evidence would have produced a different result" had it been disclosed to him earlier. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). And the courtroom minutes do not indicate that any exhibits were actually admitted at sentencing. (R. 44, Minutes.)

## I. Petitioner's claims alleging judicial misconduct and an excessive sentence are waived, procedurally defaulted, and meritless.

As part of his plea, petitioner stated that he would "not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack [his] conviction(s) or sentence" except for claims of ineffective assistance of counsel or prosecutorial misconduct. (R. 22, Plea Agreement ¶ 11(b).) A criminal defendant may waive any statutory or constitutional right in a plea agreement, so long as the waiver is knowing and voluntary, *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001), and the "informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars [§ 2255] relief." *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Petitioner has failed to allege any facts to dispute that his waiver was "informed and voluntary." *Watson*, 165 F.3d at 489. Petitioner's waiver (*see* R. 22, Plea Agreement ¶ 11(b)) therefore bars his claims alleging judicial misconduct and attacking his sentence. (R. 49, § 2255 Motion at 6 (Ground 2), 8 (Ground 4).)

Petitioner's judicial-misconduct and excessive-sentence claims are also procedurally defaulted because petitioner failed to raise them on direct appeal.[2] To obtain review of these claims, therefore, petitioner must show that (1) he had good cause for not raising them earlier and would suffer "actual prejudice" if they were not now reviewed, or (2) he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). The "hurdle" a petitioner faces to excuse procedural default is "intentionally high . . . , for respect for the finality of judgments demands that collateral attack generally not be

---

[2] Petitioner is likely to respond that he should be allowed to litigate even procedurally defaulted claims on collateral review because the Sixth Circuit would have barred any attempt to do so on direct appeal, given the appeal-waiver provision in his plea agreement. But where a defendant has waived his right to appeal an issue, a district court "properly refuse[s] to consider" the issue on collateral review "in light of [the] waiver of a direct appeal." *United States v. Calderon*, No. 98-1336, 1999 WL 801587, at *4 (6th Cir. Sept. 27, 1999). Having waived his right to appeal, petitioner should not be allowed to circumvent that waiver via collateral review.

3

allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Petitioner has not even tried to overcome that hurdle here, much less established any basis upon which this Court could legitimately excuse his procedural default, so this Court need not consider these claims further.

In any event, petitioner has not established that the Court committed any misconduct. Nor has he established that his within-Guidelines sentence was excessive. Petitioner argues that his sentence is excessive vis-à-vis a sentence in state court for "similar crimes." (R. 49, § 2255 Motion at 8 (Ground 4).) But petitioner was indicted, plead guilty, and was sentenced in federal court in accordance with the Sentencing Guidelines. (R. 3, Indictment at 1-4; R. 22, Plea Agreement ¶ 1; R. 45, Judgment at 1-2).) The sentence petitioner may have received in state court for a similar offense is irrelevant when assessing an appropriate sentence for his federal offense. Federal district courts are charged only with avoiding nationwide sentencing disparities between similarly-situated federal defendants. 18 U.S.C. § 3553(a)(6). Petitioner received a sentence of 216 months—within the applicable Guideline range. (*See* R. 46, Statement of Reasons (Sealed) at 1 (listing petitioner's Guideline range as 188 to 235 months).) Because the Guidelines were designed specifically to increase uniformity and allow similarly-situated individuals to be treated similarly when being sentenced in federal court, "it is pointless for a defendant whose own sentence is within the Guidelines to raise [a claim of sentencing disparity]." *United States v. Shrake*, 515 F.3d 743, 748 (7th Cir. 2008); *see also United States v. Johnson*, 445 F.3d 339, 343 (4th Cir. 2006) ("By devising a recommended sentencing range for every type of misconduct and every level of criminal history, the Guidelines as a whole embrace 'the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.'") (quoting 18 U.S.C. § 3553(a)(6)). Here,

4

petitioner has not proven the existence of any unwarranted sentencing disparity, much less that the Court failed to consider it.

To the extent petitioner is challenging the district court's Guidelines calculation, that claim is also meritless. Guidelines calculations are generally unreviewable on collateral review, because "the guidelines themselves are advisory." *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011) (citing *United States v. Booker*, 543 U.S. 220, 246 (2005); *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005)). "A challenge to a sentencing court's guidelines calculation, therefore, only challenges the legal process used to sentence a defendant and does not raise an argument that the defendant is ineligible for the sentence [he] received." *Gibbs*, 655 F.3d at 479. Because an error in the Guidelines calculation does not ordinarily have constitutional or jurisdictional significance, it is not cognizable on collateral review, absent extraordinary circumstances, and petitioner has not even alleged, nor does the record suggest, any such circumstances here. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). And as mentioned above, petitioner received a within-Guidelines sentence.

**II.       Petitioner's remaining claims are undeveloped and meritless.**

It is well-settled that conclusory and unsubstantiated allegations should be dismissed. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (explaining that where "claims are stated in the form of conclusions without any allegations of facts in support thereof," a § 2255 motion is "legally insufficient to sustain review"). Petitioner's claims are insufficiently developed for the United States to meaningfully respond to them or for this Court to appropriately analyze them. In short, petitioner has not proven his entitlement to any relief.

5

A.     Petitioner has not established that counsel was ineffective.

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987).  First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id*., as measured by "prevailing professional norms."  *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).  Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise.  *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").  Second, he must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different."  *Strickland*, 466 U.S. at 694.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Id*. at 691.  Because a petitioner "must satisfy *both* prongs [of *Strickland* to obtain relief], the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other."  *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*) (emphasis in original); *accord Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Petitioner complains that one of his attorneys allegedly had a conflict of interest because her cousin, a detective with the Greene County Sheriff's Department, investigated "the state case" against petitioner.  (R. 49, § 2255 Motion at 7 (Ground 3).)  Petitioner speculates that such a familial relationship necessarily constitutes a conflict of interest.  (*Id*.)  But a conflict of interest cannot be presumed *per se*; proof of an actual conflict is required, and petitioner has not made

6

that showing here.  *E.g.*, *Moore v. Mitchell*, 708 F.3d 760, 777 (6th Cir. 2013) (holding that a defendant must show that counsel "actively represented conflicting interests" and that the conflict "adversely affect[ed] counsel's performance"); *accord Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980) (holding that "the possibility of conflict is insufficient to impugn a criminal conviction").  The mere fact that counsel may have had a relative on the police force, even one who may have participated in investigating petitioner, does not establish that counsel's performance on petitioner's behalf was adversely affected.

Even if petitioner had alleged facts tending to show that a conflict of interest existed—which he has not—petitioner still could not show that, "but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  To be sure, petitioner pleaded guilty "because [he] is in fact guilty" (R. 22, Plea Agreement ¶ 5), and the district court imposed a within-Guidelines sentence.  (R. 45, Judgment at 2.)  Petitioner has not alleged any facts to establish how he was prejudiced, and thus his claim fails.

Petitioner also argues that his counsel was ineffective for failing to object to unidentified "items/documents" allegedly admitted into evidence during his sentencing hearing.  (R. 49, § 2255 Motion at 7 (Ground 3).)  But petitioner fails to cite any exhibits that were admitted into evidence during the sentencing hearing, and the minutes from the hearing do not show any admitted exhibits.  (R. 44, Minutes.)  Petitioner cannot show that counsel was ineffective for not objecting to the alleged admission of nonexistent exhibits.  *See Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) (counsel not ineffective "for a failure to raise an issue that lacks merit").

B. <u>Petitioner has not established the existence of any prosecutorial misconduct.</u>

Petitioner accuses the prosecutor of introducing evidence during sentencing that was not previously disclosed in discovery.  (R. 49, § 2255 Motion at 4 (Ground 1).)  Petitioner cites *Brady v. Maryland*, which held that "suppression by the prosecution of evidence favorable to an

7

accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87 (1963).  But petitioner has not identified any evidence that was withheld during discovery and then used at the sentencing hearing.  Nor has petitioner proven that such evidence was "favorable" to him, had been "suppressed by the government," and affected the outcome of his case, all of which he must prove to establish to obtain relief on a *Brady* claim.  *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).  In fact, petitioner has not cited any exhibits used during the sentencing hearing.  And even if he had, it is inherently implausible that the United States would have used evidence favorable to petitioner at his sentencing hearing.

To the extent petitioner accuses the prosecutor of "perjury!" (R. 49, § 2255 Motion at 4 (Ground 1)), he has not explained whether he believes the prosecutor herself committed perjury by representing that full discovery had been provided to the defense, or that the prosecutor elicited perjured testimony from a witness.  To show prosecutorial misconduct, a petitioner must show that a prosecutor knowingly offered perjured testimony and the testimony could have affected the judgment.  *United States v. Bagley*, 473 U.S. 667, 678 (1986).  To constitute reversible prosecutorial misconduct, the defendant must show: (1) the witness's statements were actually false; (2) the prosecutor knew they were false; and (3) the statements were material. *United States v. O'Dell*, 805 F.2d 637, 641 (6th Cir. 1986); *see also United States v. Pierce*, 62 F.3d 818, 834 (6th Cir. 1995) (finding that witness's testimony was not perjured where defendant failed to prove that statements were false, only that someone was mistaken about a specific date). Because petitioner has not even identified the allegedly perjured statements with specificity, the United States cannot realistically respond to his allegations.  And petitioner has not even attempted to satisfy the other requirements to prevail on a prosecutorial-misconduct claim.

Quite simply, petitioner has not established any prosecutorial misconduct.

8

Case 2:15-cr-00003-JRG-CRW   Document 54   Filed 10/20/16   Page 8 of 9   PageID #: 558

## CONCLUSION

Petitioner's claims are either waived, procedurally defaulted, undeveloped, or meritless. Accordingly, his motion should be denied.

Respectfully submitted,

Nancy Stallard Harr
United States Attorney

By: *s/ William A. Roach, Jr.*
William A. Roach, Jr.
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on October 20, 2016, this response was filed electronically and a true copy was sent to petitioner by regular United States mail, postage prepaid, addressed as follows:

Joel D. Cormier
Reg. No. 48108-074
Petersburg F.C.I.
P.O. Box 1000
Petersburg, VA  23804

*s/ William A. Roach, Jr.*
William A. Roach, Jr.
Assistant United States Attorney