UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOEL D. CORMIER, | ) | |
| Petitioner, | ) | |
| | ) | Nos. 2:15-cr-03, 2:16-cv-292 |
| v. | ) | Judge Greer |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## RESPONSE IN OPPOSITION TO PETITIONER'S
## SUPPLEMENTAL § 2255 MOTION

The United States of America hereby responds in opposition to petitioner's supplemental motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

### FACTUAL AND PROCEDURAL HISTORY

Petitioner pleaded guilty to inducing a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). (R. 22, Plea Agreement ¶ 1(a).)[1] On October 19, 2015, petitioner was sentenced to a within-guidelines 216 months' imprisonment and a lifetime of supervised release. (R. 45, Judgment at 2-4; *see also* R. 46 (Sealed) Statement of Reasons at 1.) Petitioner did not appeal, so his conviction became final on November 2, 2015. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004) (holding that, when a movant does not pursue a direct appeal, his conviction becomes final 14 days after entry of judgment, when the time for filing an appeal expires).

In September 2016, petitioner filed a timely motion under § 2255 seeking to vacate his conviction and sentence. (R. 49, § 2255 Motion.) The United States responded to that motion under this Court's order. (*See* R. 54, Response; R. 50, Order.)

---

[1] A more detailed factual summary is available in the United States' response to petitioner's initial § 2255 Motion. (*See* R. 54, Response at 1.)

In January 2017, petitioner filed a motion for leave to supplement his § 2255 motion, arguing that trial counsel was ineffective because she did not file a notice of appeal after petitioner instructed her to do so. (R. 57, Motion for Leave & Supplement.) This Court granted petitioner's motion for leave and ordered the United States to respond to petitioner's new claim; the Court also instructed the United States to "specifically address the timeliness of the supplemented § 2255 motion." (R. 59, Order.)

The United States now responds to petitioner's supplemental claim under this Court's order. (*Id.*)

## ARGUMENT

**A.     Petitioner's supplemental motion is untimely because it was filed more than one year after his conviction became final, and it does not relate back to his initial § 2255 motion.**

A motion to amend or supplement a § 2255 motion "will be denied where it is filed after [the limitation] period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of [Federal] Rule [of Civil Procedure] 15(c)(2)." *Howard v. United States*, 533 F.3d 472, 475-76 (6th Cir. 2008). The burden thus rests upon petitioner to show that the claim in his supplemental motion "relates back" to his timely, initial § 2255 motion. Here, petitioner has not even alleged, much less established, that his supplemental claim satisfies that standard.

Rule 15 states that an amended claim may "relate back" to the date of the original pleading if the proposed claim "arose out of the conduct, transaction, or occurrence" set forth in the original pleading. Fed. R. Civ. P. 15(c)(2). In the context of habeas proceedings, the Supreme Court has interpreted that to mean that the new claims must be based on the "same core facts" relied upon in a timely-filed petition; a late-filed claim is unreviewable if it turns upon "events separate in 'both time and type' from the originally raised episodes." *Mayle v. Felix*,

2

Case 2:15-cr-00003-JRG-CRW   Document 62   Filed 09/19/18   Page 2 of 7   PageID #: 583

545 U.S. 644, 657 (2004). Without the requirement of a "common core of operative facts," the "limitation period would have slim significance." *Id*. at 662. It is insufficient—and a claim is time-barred—if the new claim merely arises from the same trial, conviction, or sentence. *Id*.; *see also id*. at 657 (explaining that any other rule would mean that "virtually any new claim . . . [would] relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence"); *Wiedbrauk v. Lavigne*, 174 F. App'x 993, 100-02 (6th Cir. 2006) (deeming claims time-barred and unreviewable because they did not "share a factual basis with any [timely-filed] claims."); *Oleson v. United States*, 27 F. App'x 566, 571 (6th Cir. 2001) (holding that an "entirely new" argument cannot "escape the AEDPA statute of limitations," and that any such proposed amendment is "futile"); *see also United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision.").

To assess whether the claim in petitioner's supplemental motion involves the same "core of operative facts" as his timely-filed motion, this Court must necessarily evaluate what facts were set forth in the timely motion. Here, petitioner alleged four claims in his initial § 2255 motion: prosecutorial misconduct, judicial misconduct, ineffective assistance of counsel, and "excessive length of sentence." (R. 49, § 2255 Motion at 4-8.) None of the factual allegations supporting those four claims are related to, or share a factual basis with, the allegations supporting his lone supplemental claim. (*Compare* R. 57, Motion to Amend & Supplement at 3-6 *with* R. 49, § 2255 Motion at 4-8.) For example, although petitioner alleged an ineffective-assistance-of-counsel claim in his initial § 2255 motion, that claim was based on counsel's decision not to challenge certain evidence that was allegedly introduced at sentencing but not

3

produced during discovery. (*See* R. 49, § 2255 Motion at 6-7.) That claim is markedly different from petitioner's claim that counsel did not file a notice of appeal despite his instruction that she do so. (*See* R. 57, Motion to Amend & Supplement at 3-4.) Because petitioner's supplemental claim does not share a common set of operative facts with any of the claims in his initial § 2255 motion, his supplemental claim does not relate back and is thus untimely and unreviewable.

It is true that the one-year statute of limitations for § 2255 motions is not a jurisdictional bar and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). But equitable tolling is "used sparingly by federal courts," and "[t]ypically . . . applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). A petitioner bears the burden of establishing that equitable tolling applies to his case. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). That burden is a heavy one because, "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado*, 337 F.3d at 643 (citation omitted). To satisfy that burden, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has not even attempted to make that showing.

### B. Even if petitioner's supplemental motion were timely (it is not), he has not established that he is entitled to relief.

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided

4

effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). Second, he must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694.

To establish that counsel was ineffective for not filing an appeal, a petitioner must establish that he "specific[ally] instruct[ed]" counsel to appeal.[2] *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003) (requiring that a petitioner establish that he provided "an express instruction" to trial counsel); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (petitioner must make an "actual request" that counsel file an appeal).

Here, petitioner claims that his counsel "declined" to file a notice of appeal after he "specifically requested" that she do so. (R. 57, Motion to Amend & Supplement at 8.) On the current record, however, petitioner's claim is uncorroborated by any record evidence. To resolve the outstanding factual dispute, this Court should conduct an evidentiary hearing, at which both petitioner and his counsel would be expected to testify. In a case involving similar facts, the Sixth Circuit required an evidentiary hearing because, "the resolution of [a] factual issue [was] pivotal to [the disposition of the] claim for relief." *Campbell v. United States*, 686 F.3d 353, 358 (6th Cir. 2012); *see also Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)

---

[2] Where a petitioner makes such a showing, he is entitled to a delayed direct appeal, regardless of whether such an appeal would be meritorious.

5

(suggesting that, with certain exceptions, evidentiary hearings are necessary whenever "a factual dispute arises" in a § 2255 proceeding). Petitioner's counsel has not yet had an opportunity to respond to petitioner's allegations. Thus, a factual dispute exists regarding whether petitioner specifically instructed counsel to file an appeal before expiration of the applicable time period. Petitioner cannot obtain relief unless this Court finds him credible. Therefore, if the Court finds that petitioner's supplemental claim is timely (it is not), the Court should hold an evidentiary hearing during which it will have the opportunity to assess petitioner's credibility. On the current record, however, petitioner is not entitled to relief.

## CONCLUSION

The claim in petitioner's supplemental motion does not relate back to the claims in his timely-filed § 2255 motion. His supplemental claim is therefore untimely and unreviewable, and his supplemental motion should be denied. If the Court finds that petitioner's supplemental claim is timely, petitioner has not established that he is entitled to relief, because the Court would still need to assess his credibility in an evidentiary hearing.

Respectfully submitted,

J. Douglas Overbey
United States Attorney

By: *s/ William A. Roach, Jr.*
William A. Roach, Jr.
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

      I certify that on September 19, 2018, this response was filed electronically and a true copy was sent to petitioner by regular United States mail, postage prepaid, addressed as follows:

    Joel D. Cormier, No. 48108-074
    F.C.I. Petersburg Medium
    Federal Correctional Institution
    P.O. Box 1000
    Petersburg, VA  23804

                                       *s/ William A. Roach, Jr.*
                                       William A. Roach, Jr.
                                       Assistant United States Attorney