UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff - Respondent, ) | |
| ) | Criminal No.: 2:15-cr-03 |
| v. ) | |
| ) | |
| JOEL DAVID CORMIER, ) | Civil No.: 2:16-cv-296 |
| ) | |
| Defendant - Petitioner. ) | Honourable J. Ronnie Greer |
| ) | |

PETITIONER'S REPLY TO RESPONDENT'S RESPONSE
IN OPPOSITION TO PETITIONER'S SUPPLEMENTAL § 2255 MOTION

COMES NOW, the Defendant - Petitioner, Joel D. Cormier, in propria persona, and presents this, his Reply to Respondent's Response in Opposition to Petitioner's Supplemental § 2255 Motion. This Reply filed necessarily for the reasons contained herein and in the interest of justice.

I. INTRODUCTION

On 15 September 2016 Petitioner, Mr. Cormier, filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Mr. Cormier filed his § 2255 on the grounds of 1) Ineffective Assistance of Counsel; 2) Prosecutorial Misconduct; 3) Judicial Misconduct; and 4) Excessive Length of Sentence. (ECF #49).

On 20 October 2016 the United States Attorney's Office filed a Response in Opposition to Mr. Cormier's § 2255 (ECF #54).

On 21 November 2016, Mr. Cormier requested and was granted an enlargement of time in which to file any Response or Reply as permitted by Federal Rules.

On 26 January 2017 Mr. Cormier filed a Motion for Leave of Court to File a Supplement to his previously-filed § 2255. Also filed therewith was the proposed supplement to Mr. Cormier's § 2255 Motion (ECF #57).

On 20 July 2018 this Court GRANTED Mr. Cormier's Motion for Leave to File Supplemental § 2255 and ORDERED the Government to Respond accordingly (ECF #59).

On 19 September 2018, after having requested and been granted an extension of time in which to file response, the United States Attorney's Office filed its Response in Opposition to Mr. Cormier's Supplement to his § 2255 Motion (ECF #62).

Mr. Cormier hereby replies to the Government's Response in Opposition and, in support, states the following:

## II.  ARGUMENT

Respondent's first Argument in Opposition to Mr. Cormier's Supplemental § 2255 is that the Supplemental Motion filed by Mr. Cormier is untimely (ECF #62, p.2), and that it does not relate back to his intial § 2255.

Mr. Cormier rebuts this argument on the grounds that, per the Court's 20 July 2018 Order, "the absence of any response [by the Respondent]" was interpreted as "a waiver of objection, and an independent basis for granting the unopposed motion." Therefore, in light of any objection having not been raised to Mr. Cormier's Motion for Leave to File Supplement, the Respondent has, as shown by the Court's Order (ECF #59)(citing E.D. Tenn. L.R. 7.2) waived that argument and may not present it now.

As to Respondent's Argument that Mr. Cormier's Supplemental § 2255 does not "relate back to his initial § 2255 motion", Respondent's citation of Howard v. United States, 533 f.3d 472, 475-76 (6th Cir. 2008) is mystifying in that Fed. R. Civ. P. 15(c)(2) is not applicable in the instant matter. ("When the United States or a United States officer or agency is added as a defendant by amendment....")

Mr. Cormier is further at a loss to explain Respondent's argument in light of the Court having granted Mr. Cormier an enlargement of time in which to file Response / Reply (ECF #55) as well as having granted Mr. Cormier's Motion for Leave to File Supplement (ECF #59).

To propound that argument would be akin to Mr. Cormier arguing that, even in light of the Court having granted an extension of time in which to file Response to Supplement (ECF #61), Respondent's Response in Opposition was untimely in light of Fed. R. Civ. P. 15(a)(3). That argument would be untenable because the Court's granting extension of time is unquestioned and beyond challenge.

Respondent's argument further fails on the grounds that Mr. Cormier's Supplemental § 2255 was filed solely for the purpose of expounding upon his previously-filed § 2255. In Mr. Cormier's initial § 2255, one of his grounds for relief was Ineffective Assistance of Counsel (ECF #49; ECF #62 at 3). Mr. Cormier's supplemental IAC grounds were discovered through the exercise of due diligence and, taking into account the extension of time granted by the Court, were timely-filed.

- 3 -

Thus rendering both of Respondent's arguments contained within the Response in Opposition to Supplemental § 2255 moot.

Mr. Cormier has not heretofore petitioned the Court for equitable tolling in the instant matter. However, if the Court determines that Mr. Cormier's supplemental § 2255 was, in fact, untimely, Mr. Cormier presents the following facts for the Court's consideration.

As jail records will indicate, following the 19 October 2015 sentencing before this Court, Mr. Cormier was returned to the custody of the Greene County, Tennessee jail to face the pending charges against him in Greene County, Tennessee Criminal Court. Mr. Cormier was held in the Greene County, tennessee jail from 27 October 2015 until May of 2016; a total of seven (7) months. During that time, Mr. Cormier had no access to legal materials or case law. Mr. Cormier, at one point, requested (and was provided) a form for filing a § 2255 Motion.

Mr. Cormier was unable to file that form due to being attacked and sustaining serious injuries requiring hospitalization and multiple surgeries. This necessitated a prolonged confinement in segregation with even less ability to attempt to pursue his § 2255.

After Mr. Cormier's transfer from Greene Couny custody to Claiborne County custody for transfer to the USMS custody, Mr. Cormier spent the next three months in transit between facilities. (Claiborne County, Tennessee; Ocilla, Georgia; Grady County, Oklahoma; FCI Gilmer, West Virginia.) All this before arriving at his current institution. During that time,

- 4 -

Mr. Cormier had no access to case law, Federal Rules, or any Legal Paperwork (per USMS regulations). Upon arriving at FCC Petersburg on 30 August 2016, Mr. Cormier promptly filed his § 2255 to the best of his ability.

Under the equitable tolling doctrine, Mr. Cormier, through no fault of his own (no disciplinary actions have been conducted against Mr. Cormier in any institution which would have caused him to be denied access to law and legal materials), Mr. Cormier was not able to exercise due diligence to discover how, exactly, his rights had been violated during his criminal proceedings. Only through the exercise of due diligence after arriving at a location where he was able to research the law, case law, and federal rules, did Mr. Cormier become fully aware of the extent of his counsel's ineffectiveness.

Mr. Cormier presents that no insurmountable obstacle stands in the way of this Court applying equitable tolling to the instant matter and tolling the time between 31 October 2015 and 31 August 2016; a total of ten (10) months. Should this Court see fit to apply such equitable tolling, such would place Mr. Cormier's supplemental § 2255 well within the one-year statute of limitations prescribed by 28 U.S.C. § 2255(f).

Finally, save for the first paragraph of Respondent's § B argument, Respondent's statements mirror those claims made by Mr. Cormier in his supplemental § 2255 (Response, pp. 5-6).

## III. CONCLUSION

WHEREFORE, in light of the foregoing and with good cause showing, Mr. Cormier hereby prays this Honourable Court accept and GRANT this, his Reply to Respondent's Response in Opposition to Mr. Cormier's Supplemental § 2255 and ORDER that the relief requested by Mr. Cormier in his Original § 2255 and the supplement thereto be GRANTED, and any other relief this Court deems just and equitable.

## IV. DECLARATION

I hereby declare under penalty of perjury that the foregoing statements and information contained therein are true and accurate to the best of my information and belief.

RESPECTFULLY SUBMITTED, this 03rd day of October, 2018.

/s/ Joel D. Cormier
Joel D. Cormier
Defendant - Petitioner
in propria persona

Joel D. Cormier
#48108-074
FCC Petersburg - Medium
P.O. Box 1000
Petersburg, VA 23804

No Phone, No Fax, No E-mail

- 6 -

Case 2:15-cr-00003-JRG-CRW   Document 64   Filed 10/22/18   Page 6 of 7   PageID #: 599

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Petitioner's Reply to Respondent's Response in Opposition to Petitioner's Supplemental § 2255 was sent via Standard, First-Class USPS Mail to the Clerk of the Court, and via Standard, First-Class USPS Mail to the following parties:

United States Attorney's Office
ATTN: William A. Roach, Jr.
220 W. Depot Street - Suite 211
Greeneville, TN 37743

MAILED, this <u>03rd</u> day of October, 2018.

Joel D. Cormier
Defendant - Petitioner
in propria persona

Joel D. Cormier
#48108-074
FCC Petersburg - MEdium
P.O. Box 1000
Petersburg, VA 23804

No Phone, No Fax, No E-mail

- 7 -

Case 2:15-cr-00003-JRG-CRW   Document 64   Filed 10/22/18   Page 7 of 7   PageID #: 600