United States District Court
Eastern District of Tennessee
Greeneville Division

Case #: 2-15-CR-00003-1

United States of America,

                Plaintiff,

v.

Joel D. Cormier,
(a.k.a. Chealsie Marie Cormier),

                Defendant.

---

Motion for Compassionate Release
Pursuant to 18 U.S.C. § 3582

---

Comes now, the Defendant-petitioner, Chealsie Marie Cormier, and presents this, her Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 for the Court's consideration. This Motion filed necessarily for the reasons contained herein and in the interest of justice.

## I.

On 8/5/2020, Warden Justin Andrews, Warden of Ms. Cormier's current institution, denied Ms. Cormier's request for compassionate release. Ms. Cormier's request was based upon her diagnosis since childhood of chronic asthma. Warden Andrews' denial stipulates that Ms. Cormier does, in fact, have "medical issues." (See, Exhibit "A.")

Ms. Cormier certifies that she has fulfilled exhaustion requirements due to the fact of her attempt to file a regional Administrative Remedy Appeal being rejected for failure to file a request to the Warden — despite having provided that office a copy of Warden Andrews' denial of her request. See, e.g., Poulios v. United States, 2020 U.S. Dist. LEXIS 70458, addressing the futility of administrative remedies in urgent compassionate release determinations.

## II.

Ms. Cormier presents that her medical condition — Asthma — makes her particularly vulnerable to the virus, COVID-19 were she to contract it. Despite Warden Andrews' "precautions" (specifically, ordering the facility into the most stringent "lockdown" operations allowed under law) staff compliance with face covering requirements is not enforced, thus resulting in an undisclosed number

of active cases as well as numerous deaths at this facility. (As of 10/06/2020.) See, United States v. Miski, Case # 2:15-cr-00115-JDL (D. Me. Aug. 19, 2020 [Doc. 61] "FCI Petersburg is experiencing an active outbreak of the virus[.]" The situation has only worsened since August.

### III.

Ms. Cormier, due to having been incarcerated for the past six-and-a-half years, has no immediate leads on employment, particularly in Elwood, ~~Illinois~~ Indiana, where she plans to relocate upon her release. A request to change release address is currently pending with Ms. Cormier's unit team at FCC Petersburg.

Ms. Cormier plans to reside at a house owned by her fiancée which is currently vacant. Ms. Cormier's fiancée's family resides in Elwood, Indiana, and is willing to provide support in finding employment as Ms. Cormier has a wide range of job experience in many fields, including that of paralegal / legal assistant, a skill learned and developed in prison.

The address at which Ms. Cormier plans to reside is 2306 N.D. Street, Elwood, Indiana 46036.

## IV.

Wherefore, in light of the foregoing and with good cause showing, Ms. Cormier hereby prays this honourable Court accept and GRANT this, her Motion for Compassionate release pursuant to 18 U.S.C. §3582, and ORDER that Ms. Cormier be released to her relocation address in Indiana to supervised release, and any other relief this Court deems just and equitable.

## V.

I hereby declare under penalty of perjury that the foregoing statements and information contained therein are true and accurate to the best of my information and belief.

Respectfully submitted, this 28th day of October, 2020.

*Chealsie Marie Cormier*
Chealsie Marie Cormier
#48108-074
Defendant - Petitioner
in Propria Persona