Chealsie Marie Cormier
#48108-074
FCC Petersburg - Medium
P.O. Box 1000
Petersburg, VA 23804

11 January 2021

United States District Court
Office of the Clerk
220 W. Depot Street - Suite 200
Greeneville, TN 37743


RE: United States V. Cormier, Case No. 2:15-CR-03


Dear Clerk of the Court:

Please cause to be filed in the above-styled case the enclosed Defendant's Limited Reply. Additionally, to ensure receipt of mail in a more timely manner, please cause all correspondence from this office to be addressed as follows:

Legal Mail: Open only in presence of inmate
Chealsie Marie Cormier #48108-074
FCC Petersburg - Medium
P.O. Box 1000
Petersburg, VA 23804

Thank you for your time, consideration, and continued assistance in this matter.

Respectfully,

Chealsie Marie Cormier
Chealsie Marie Cormier

Case 2:15-cr-00003-JRG-CRW   Document 91   Filed 01/19/21   Page 1 of 9   PageID #: 821

United States District Court
Eastern District of Tennessee
Greeneville Division

NO. 2:15-CR-03

United States of America,

Plaintiff,

v.

Chealsie Marie Cormier,

Defendant.

Defendant's Limited Reply to
Plaintiff's Response in Opposition
to Defendant's Motion for
Compassionate Release Pursuant
to 18 U.S.C. §3582

Comes now, the defendant, Chealsie Marie Cormier, in propria persona, and presents this, her limited reply to Plaintiff's Response in opposition to Ms. Cormier's Motion for Compassionate Release Pursuant to 18 U.S.C. §3582 for the Court's consideration. This limited reply filed necessarily for the reasons contained herein and in the interest of justice.

## I

On 11/23/2020, plaintiff filed a Response in opposition (Doc. 84) to Ms. Cormier's Motion for compassionate release pursuant to 18 U.S.C. § 3582 (Doc. 80).

On 7 December 2020, Ms. Cormier filed a Motion for extension of time in which to Reply to the government's Opposition. Ms. Cormier requested an additional 30 (thirty) days in which to reply. As of the date of this filing, Ms. Cormier has received no indication that her Motion for extension of time was received by this Court, much less granted.

Ms. Cormier does, however, take it on good faith that her Motion was granted and, as such, files this limited reply to the government's opposition.

## II

Ms. Cormier's limited reply specifically addresses only the issue of the government's opposition to her Motion for appointment of Counsel (Doc. 81). Ms. Cormier presents that, absent a ruling on this issue, her underlying Motion for compassionate release will be effectively moot.

The government argues that Ms. Cormier "has not established her entitlement to counsel." (Doc. 84, P. 8) Ms. Cormier contends that she did not declare, in her

original motion, any presumption to "entitlement" to counsel.

The facts of the matter are rather simple: First, and foremost, Ms. Cormier is not an attorney and is unskilled in the law. Any review of empirical data will reveal that pro se litigants —despite all instructions to the contrary— are at an automatic disadvantage over those represented by counsel. This is especially true of criminal defendants and, too, as here, petitioners in post-conviction relief matters in which the defendant is incarcerated, as Ms. Cormier is.

While Ms. Cormier presents that she would be at a marked disadvantage under the best of circumstances, the current situation is one which has only served to exponentially increase her disadvantage. As of 30 December 2020, FCC Petersburg was placed under "phase One" of the facility's Modified Operations plan. All inmates are confined to their cells, and only released from their cells for five minutes on Mondays, Wednesdays, and Fridays to shower.

What extremely limited law library access Ms. Cormier had before the initiation of this phase is completely gone. As such, the only way that Ms. Cormier can effectively rebut the government's arguments and effectively

litigate the matter currently before the Court is with appointed counsel.

The government makes note of the fact – previously unknown to Ms. Cormier – that "A Standing Court Order Appoints Federal Defender Services of Eastern Tennessee (FDS) to represent her – and all other defendants who file pro se motions for compassionate release in this district." (Doc. 84, P.8.)

In a telephone conference with Mr. Collins – appointed by this court to represent Ms. Cormier in an unrelated matter – Ms. Cormier was advised of the FDS' declination to represent her due to the subject matter of Ms. Cormier's §1155 (Doc. 82.) Ms. Cormier was not, however, provided a copy of that notice. Rather, if one was provided, she still has not received it.

The argument presents itself, however, that if a standing order appoints the FDS to represent "all other defendants who file pro se motions for compassionate release in this district [ ]" (Doc. 84, P. 8), any conflict of interest would necessitate appointment of CJA counsel. The source of the conflict is not so much at issue, here, rather the fact that Ms. Cormier is in an untenable position.

Without appointment of counsel or the assistance thereof, Ms. Cormier is wholly incapable of mounting

any type of effective rebuttal to the governments obviously biased arguments in opposition to Ms. Cormier's motion for compassionate release.

The government further asserts — correctly — that "courts have discretion to appoint counsel when 'the interests of justice so require[.]'" (Doc. 84, p. 8, citing 18 U.S.C. §3006A(a)(2).) Additionally, the government cites a recent case from this district stating "claims for release in light of COVID-19 are 'not beyond the capability of an ordinary pro se litigant.'" (Doc. 84, p. 8, quoting United States v. Danner, 2:12-cr-93, 2020 WL 4289597, at *5 (E.D. Tenn. July 27, 2020).

Ms. Cormier cannot be compared — given the current circumstances — to an "ordinary pro se litigant." Ordinarily, Ms. Cormier would be allowed in excess of four hours per day, six days per week in the institution's law library to research and prepare arguments to the governments response(s). Ordinarily, Ms. Cormier would have access to a network of other inmates who have contacts such as paralegals and, in some cases, nationally-recognized attorneys.

The current situation with which Ms. Cormier is faced is practically as far opposite of "ordinary" as can be imagined. As was testified to before this court

with evidence in support, both ingoing and outgoing mail are unreliable at best. This is further evidenced by Ms. Cormier not having received any correspondence from this court since the order for an evidentiary hearing in August, 2019. Additionally, inmates at FCC Petersburg are ostensibly afforded one telephone call per week, but even that is sporatic at best as different officers cannot communicate and inmates are routinely deprived even their one weekly phone call.

As such, appointment of counsel in the instant matter is necessary to ensure not only that Ms. Cormier has effective access to the courts, but also that the interests of justice are fulfilled. The situation at FCC Petersburg has deteriorated drastically since the government's 11/03/2020 response in opposition, with more quarantine notices and positive test results being posted daily on Ms. Cormier's unit. Since the government's response, at least two other inmates — one a personal friend of Ms. Cormier's — have died.

Should this court, after considering Ms. Cormier's argument, decline to appoint counsel, Ms. Cormier will make every attempt to formulate a full reply to the government's response in opposition to the best of her ability.

## III

WHEREFORE, in light of the foregoing and with good cause showing, Ms. Cormier hereby prays this honourable Court accept this, her limited reply to the Plaintiff's response in opposition to Ms. Cormier's Motion for compassionate release pursuant to 18 U.S.C. §3582, GRANT Ms. Cormier's Motion for appointment of counsel, and ORDER that such counsel be appointed to represent her in her motion for compassionate release, and any other relief this Court deems just and equitable.

## IV

I hereby declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing statements and information contained therein are true and accurate to the best of my information and belief.

Respectfully submitted, this 11th day of January, ~~2020~~. 2021

Chealsie Marie Cormier
Defendant
In Propria Persona

-7-

## Certificate of Service

I hereby certify that a true and accurate copy of the foregoing Defendant's Limited Reply to Plaintiff's Response in opposition was mailed, postage prepaid, to the following parties:

United States District Court
Office of the Clerk
220 W. Depot St - Ste 200
Greeneville, TN 37743

United States Attorney's ofc
ATTN: William A. Roach, Jr.
800 Market St - Ste 211
Knoxville, TN 37902 - 2314

Mailed, this 11th day of January, 2021

Chealsie Marie Cormier
#48108-074
FCC Petersburg - Medium
P.O. Box 1000
Petersburg, VA 23804

No phone, No fax, No e-mail