# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: July 06, 2021

Mr. Joel D. Cormier
F.C.I. Petersburg - Medium
P.O. Box 1000
Petersburg, VA 23804

Re: Case No. 21-5103, *USA v. Joel Cormier*
Originating Case No.: 2:15-cr-00003-1

Dear Mr. Cormier,

The Court issued the enclosed Order today in this case.

Sincerely,

s/Antoinette Macon
Case Manager
Direct Dial No. 513-564-7015

cc: Ms. Debra A. Breneman
    Ms. LeAnna Wilson

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR PUBLICATION**

No. 21-5103

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 06, 2021
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | ON APPEAL FROM THE UNITED |
| v. ) | STATES DISTRICT COURT FOR |
| ) | THE EASTERN DISTRICT OF |
| JOEL D. CORMIER, aka Chealsie Marie Cormier, ) | TENNESSEE |
| ) | |
| Defendant-Appellant. ) | |

O R D E R

Before: ROGERS, LARSEN, and READLER, Circuit Judges.

Chealsie Marie Cormier, a federal prisoner proceeding pro se, appeals the district court's order that denied her motion for compassionate release, filed under 18 U.S.C. § 3582(c)(1)(A), and her motion to appoint counsel. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Cormier pleaded guilty to using a facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). In 2015, the district court sentenced her to 216 months in prison. Cormier did not appeal.

In 2020, Cormier moved for the appointment of counsel and for compassionate release under § 3582(c)(1)(A). Cormier argued that release was warranted based on her chronic asthma combined with the risks from COVID-19 at her institution. The district court denied Cormier's motion for compassionate release, concluding that she failed to establish an extraordinary and

compelling reason for release and that the 18 U.S.C. § 3553(a) sentencing factors weighed against release. The court also denied Cormier's motion to appoint counsel.

On appeal, Cormier argues that the district court erred by (1) concluding that she did not establish an extraordinary and compelling reason for release based on her asthma and the risks from COVID-19; (2) relying on inaccurate information in the presentence report; (3) concluding that the § 3553(a) factors weighed against release; and (4) denying her motion to appoint counsel.

The compassionate release statute permits the district court to reduce a defendant's sentence, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). We review a district court's denial of compassionate release for an abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020).

We need not address whether Cormier established an extraordinary and compelling reason for release because the district court did not abuse its discretion by concluding that the § 3553(a) factors weighed against release, providing an independent basis on which to affirm its decision. *See id.* at 1008. In addressing the § 3553(a) factors, the district court accurately noted that Cormier's offense was extremely serious, as she induced five separate minors to engage in sexual activity over approximately two years. The court also referred to an undisputed portion of the presentence report noting that Cormier's parents stated that Cormier's younger sister slept with her bedroom door locked to keep Cormier out and that Cormier's sister alleged that Cormier sexually molested her when she was four years old and Cormier was nine years old. The court determined that Cormier's offense conduct and history demonstrated "a calculated, persistent, and classic pattern of predatory behavior" and showed that Cormier was a danger to the public. Cormier contends that the information regarding her sister is false and that she would have disputed the presentence report had she known it contained that information. But, even if the facts in the presentence report concerning Cormier's sister are inaccurate, no meaningful error occurred because the district court's findings that Cormier engaged in calculated and persistent predatory

behavior and that she is a danger to the public were fully supported by Cormier's offense conduct, and nothing in the record suggests that the district court's decision to deny compassionate release would have been different absent the contested facts concerning Cormier's sister. *See United States v. Singleton*, __ F. App'x __, No. 20-4261, 2021 WL 2273439, at *2-3 (6th Cir. June 3, 2021).

In further addressing the § 3553(a) factors, the district court also accurately noted that (1) Cormier was only thirty-two years old, which put her outside of the age group most at risk from COVID-19; (2) she had served less than half of her 216-month sentence and less than the 120-month statutory minimum that applied in her case; and (3) the circumstances at her institution did not create an unusual risk from COVID-19. Based on all of those considerations, the district court reasonably concluded that factors such as the nature and seriousness of Cormier's offense, her characteristics, and the need to promote respect for the law, afford adequate deterrence, protect the public, provide just punishment, and avoid unwarranted sentencing disparities outweighed the other pertinent sentencing factors and counseled against compassionate release. Thus, the district court did not abuse its discretion by denying Cormier's motion for compassionate release based on the § 3553(a) factors. *See United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021); *United States v. Jones*, 980 F.3d 1098, 1114 (6th Cir. 2020).

Finally, the district court did not abuse its discretion by denying Cormier's motion to appoint counsel because the compassionate release issue was not factually or legally complex, and Cormier was able to address the issue adequately. *See Noel v. Guerrero*, 479 F. App'x 666, 669 (6th Cir. 2012) (per curiam).

Accordingly, we **AFFIRM** the district court's order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk